UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KELLY CRINE, ASHLEY CROCKWELL, CHRISTINA DALEY, PHYLLIS DESAUTELS, JULIE ROWAN, COLLEEN HENRY, BRIANNE BRUSO, JENNIFER HEATH-THOMAS, and CHRISTINE QUILLEN, <br><br> Plaintiffs, <br><br> v. <br><br> BERKSHIRE HEALTH SYSTEMS, INC., BERKSHIRE MEDICAL CENTER, INC., BERKSHIRE FACULTY SERVICES, INC., FAIRVIEW HOSPITAL, INC., and HOSPICE OF FRANKLIN COUNTY, INC., <br><br> Defendants. | Civil Action No. 3:22-cv-30143-MGM (Consolidated Case Number) |
| CHRISTINE RYAN, BECKY ZEPKA, KRISTY GUERINO, JENNIFER LUZIS, MEAGEN SHEARS, and AMY FOSSER, <br><br> Plaintiffs, <br><br> v. <br><br> BERKSHIRE HEALTH SYSTEMS, INC. and BERKSHIRE MEDICAL CENTER, INC., <br><br> Defendants. | |

THIRD REVISED SCHEDULING ORDER
February 24, 2025

MASTROIANNI, U.S.D.J.

The court grants the parties' Joint Motion to Extend Scheduling Order Deadlines for Expert Discovery and for a Case Management Conference (Dkt. No. 51) and sets the following revised schedule for this case:

1.  The deadline for exchanging initial disclosures is **August 15, 2023**.

2.  Except for good cause shown, any motions to amend the pleadings shall be filed on or before **October 6, 2023**.

3.  Discovery shall proceed in two phases. Discovery during Phase One is, limited to those topics that may be raised in dispositive motions filed at the end of Phase One: undue hardship, direct threat, and "qualified individual with a disability." This shall include discovery relating to the development of the Defendants' COVID 19 vaccination policies, the process for requesting an exemption, the exemption decisions (without personally identifying information for employees other than plaintiffs, except on good cause shown), and the criteria used to decide whether to grant or deny an exemption request.

4.  Written discovery for Phase One, including interrogatories, requests for production of documents, and requests for admission shall be served on or before **September 29, 2023** and responses shall be served in accordance with applicable rules.

5.  During Phase One, Plaintiffs may take 10 depositions and Defendants may take 15 depositions of fact witnesses and the parties may mutually agree to an additional five depositions without seeking leave of the court. Deponents with knowledge relevant to both Phase One and Phase Two may be asked to participate in phased depositions. A phased deposition will be taken in two parts, the first covering only Phase One topics and the second covering only Phase Two topics. The aggregate time of any phased deposition shall be no more than the maximum time permitted under the applicable rules for a single deposition, unless the parties agree otherwise. If a deponent does not consent to a phased deposition, they may be examined about all permissible subjects relevant to both phases of discovery during a single deposition.

6.  Phase One fact discovery shall be completed on or before **July 8, 2024**.

7. Plaintiffs shall designate Phase One experts required to be disclosed by Fed. R. Civ. P. 36(a)(2)(A) and provide a complete statement of all opinions to be expressed, as well as the basis and reasons for those opinions, on or before **May 31, 2024**.

8. Defendants shall designate Phase One experts required to be disclosed by Fed. R. Civ. P. 36(a)(2)(A) and provide a complete statement of all opinions to be expressed, as well as the basis and reasons for those opinions, on or before **July 17, 2024**.

9. Phase One expert discovery, including expert depositions, shall be completed on or before **April 25, 2025**.

10. Dispositive motions regarding Phase One issues shall be filed on or before **July 23, 2025** and responses and replies (if any) shall be due in accordance with applicable rules.

11. If the action survives the Phase One dispositive motion(s), the parties shall proceed to Phase Two discovery. Phase Two shall include written discovery and depositions on all remaining issues, including Plaintiffs' requests for exemptions and damages.

12. The parties shall complete Phase Two discovery no later than 180 days after the court's ruling on Phase One dispositive motions.

13. Dispositive motions regarding Phase Two issues shall be filed no more than 45 days after the close of Phase Two discovery.

14. If no Phase Two dispositive motions are filed, no more than 60 days after the close of Phase Two discovery, the parties shall file a joint status report advising the court as to their readiness for trial, the anticipated length of trial, and whether they wish to participate in court-sponsored mediation prior to trial.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge