UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KELLY CRINE, ASHLEY CROCKWELL, CHRISTINA DALEY, PHYLLIS DESAUTELS, JULIE ROWAN, COLLEEN HENRY, JENNIFER HEATH-THOMAS, and CHRISTINE QUILLEN,

Plaintiffs,

v.

BERKSHIRE HEALTH SYSTEMS, INC., BERKSHIRE MEDICAL CENTER, INC., BERKSHIRE FACULTY SERVICES, INC., and FAIRVIEW HOSPITAL, INC.,

Defendants.

Case No. 3:22-cv-30143-MGM
(Consolidated Case Number)

CHRISTINE RYAN, BECKY ZEPKA, KRISTY GUERINO, JENNIFER LUZIS, and MEAGEN SHEARS,

Plaintiffs,

v.

BERKSHIRE HEALTH SYSTEMS, INC. and BERKSHIRE MEDICAL CENTER, INC.,

Defendants.

**BERKSHIRE HEALTH SYSTEMS, INC., BERKSHIRE MEDICAL CENTER, INC., BERKSHIRE FACULTY SERVICES, INC., AND FAIRVIEW HOSPITAL'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, Defendants Berkshire Health Systems, Inc. ("BHS"), Berkshire Medical Center, Inc. ("BMC"),

Berkshire Faculty Services, Inc. ("BFS"), and Fairview Hospital ("Fairview") (collectively, the "Defendants" or "BHS") move for summary judgment dismissing all claims against them.[1] In support, Defendants submit herewith: 1) Defendants' Memorandum of Law in Support of Motion for Summary Judgment dated September 2, 2025 (the "Defendants' Memorandum of Law"), 2) Defendants' Statement of Undisputed Material Facts dated September 2, 2025, and 3) the supporting Declarations (with attached exhibits) of James W. Lederer, MD, Patrick Borek, Brenda Cadorette, RN, and Lucy Prashker, Esq., each dated September 2, 2025.

Twelve of the thirteen remaining Plaintiffs in this lawsuit (the "Title VII Plaintiffs") have asserted that BHS violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a), when, during the height of the COVID-19 pandemic in the fall of 2021, BHS declined to accommodate their requests made on religious grounds to be exempted from BHS's mandatory COVID-19 vaccination policy, and subsequently terminated their employment.[2] The thirteenth Plaintiff, Chistine Quillen, alleges that BHS violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), when BHS failed to accommodate her request made on medical grounds to be exempted from that same mandatory vaccination policy, and subsequently terminated her employment.

---

[1] Plaintiffs' claims are asserted in the First Amended Complaint filed February 2, 2023, *Crine et al. v. Berkshire Health Systems et al.* in Case No. 3:22-cv- 30143 (ECF No. 13), and the First Amended Complaint, *Ryan, et al. v. Berkshire Health Systems et al.*, filed that same day in Case No. 3:23-cv-30015 (ECF No. 4), which cases were consolidated (ECF No. 22).

[2] The twelve remaining Title VII Plaintiffs are Kelly Crine, Ashley Crockwell, Christina Daley, Phyllis Desautels, Julie Rowan, Colleen Henry, Jennifer Heath-Thomas, Christine Ryan, Becky Zepka, Kristy Guerino, Jennifer Luzis and Meagen Shears. First Amended Complaint Case 3:22-cv-30143 (ECF No. 13) Counts 1-12, 15-16; First Amended Complaint, Case 3:23-cv-30015 (ECF No. 4) Counts 1-10. The remaining ADA Plaintiff is Christine Quillen. First Amended Complaint, Case 3:22-cv-30143 (ECF No. 13) Counts 17-18. Original Plaintiffs Brianne Bruso and Amy Fosser and defendant Hospice of Franklin County, Inc. have been dismissed from the case. ECF Nos. 45 & 63.

Defendants assert that even assuming the Plaintiffs otherwise qualified for religious or medical exemptions, BHS reasonably determined in September 2021 based on the objective, scientific evidence then available – including the recommendations and guidance of the Centers for Disease Control and Prevention (the "CDC") and the Massachusetts Department of Public Health – that allowing the Plaintiffs to provide direct care to patients would substantially increase the risk those unvaccinated employees would contract and transmit the potentially deadly and highly-transmissible Delta variant of the COVID-19 virus to patients, visitors and co-workers. Neither Title VII nor the ADA required BHS to grant the requested accommodations when – as the undisputed facts demonstrate here – BHS reasonably determined that the requested accommodations would have created substantial health and safety risks, potentially exacerbated a severe staffing shortage, jeopardized BHS's ability to provide critical services, and undermined the public's trust in BHS, and so would have constituted an undue hardship and direct threat as a matter of law under controlling precedent.

WHEREFORE, for the reasons set forth in more detail in Defendants' Memorandum of Law, Defendants respectfully request this Court grant their Motion for Summary Judgment and enter an order dismissing this action in its entirety and with prejudice.[3]

---

[3] As this Court has been advised, one of the original Plaintiffs, Kelly Crine, passed away in August 2024, and her estate is not currently represented in this action. On June 30, 2025, Defendants initiated the process under Fed. R. Civ. P. 25 to require Ms. Crine's successor or representative to move to substitute as a party plaintiff, with service of the nominated executor of the estate completed on that same date. *See* ECF Nos. 73 & 76. In accordance with Fed. R. Civ. P. 25(a)(1), Ms. Crine's successor or representative must file a motion to substitute the proper party within 90 days of service, on or before September 29, 2025. If no motion to substitute the proper party is filed within that period, the claim must be dismissed. Fed. R. Civ. P. 25(a)(1).

The undersigned has been advised that on September 2, 2025, the New York State Surrogate's Court (Columbia County) issued letters testamentary to the nominated executor, clearing the way for the executor to engage counsel in this proceeding. This likely will happen before Plaintiffs' opposition to Defendants' Motion for Summary Judgment is due on September 24, 2025. If Plaintiffs' current counsel is not engaged by Ms. Crine's executor and the motion to substitute is not filed by the due date for the

**REQUEST FOR ORAL ARGUMENT**

Defendants request oral argument on this motion pursuant to Local Rule 7.2(d).

September 3, 2025

Respectfully submitted,

BERKSHIRE HEALTH SYSTEMS, INC.,
BERKSHIRE MEDICAL CENTER, INC.,
BERKSHIRE FACULTY SERVICES,
INC., AND FAIRVIEW HOSPITAL,

By their attorneys,

*/s/ Lucy Prashker*

Lucy Prashker (BBO# 405880)
Susan P. Herman (BBO# 708851)
Cain Hibbard & Myers PC
66 West Street, Suite 300
Pittsfield, Massachusetts 01201
(413) 443-4771
lprashker@cainhibbard.com
sherman@cainhibbard.com

**D. MASS. LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel for the Defendants certifies that on August 29, 2025, she conferred with Plaintiffs' counsel, Brian Unger, regarding the issues raised in this motion, and the parties were unable to resolve or narrow the issues.

*/s/ Lucy Prashker*
Lucy Prashker

opposition (but is otherwise timely filed), the Court could establish a new briefing schedule for Ms. Crine's successor or representative to file their opposition.

**CERTIFICATE OF SERVICE**

I, Lucy Prashker, hereby certify that, on September 3, 2025, a copy of the foregoing document is being delivered by the CM/ECF system to counsel for plaintiffs:

Brian Unger, Esq.
The Law Offices of Warner Mendenhall, Inc.
brian@warnermendenhall.com

*/s/ Lucy Prashker*
Lucy Prashker